NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK HARRISON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> J. DENNERLINE, Arizona Fish and Game Department employee #365; ARIZONA DEPARTMENT OF GAME AND FISH, <br><br> Defendants-Appellees. | No. 15-17556 <br><br> D.C. No. 2:15-cv-01060-SPL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Mark Harrison appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional claims relating to his

misdemeanor prosecution.  We review de novo a dismissal for failure to state a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim under Federal Rule of Civil Procedure 12(b)(6). *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We affirm.

The district court properly dismissed Harrison's Fourteenth Amendment claims because Harrison was neither denied procedural due process nor subjected to conduct that violated his substantive due process rights. *See County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998) ("[T]he cognizable level of executive abuse of power [for a substantive due process violation] is that which shocks the conscience[.]"); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'").

The district court did not abuse its discretion in dismissing Harrison's complaint without leave to amend because amendment would be futile. *See Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010) (setting forth standard of review and factors for a district court to consider in determining whether to grant leave to amend); *see also Karam v. City of Burbank*, 352 F.3d 1188, 1191-92 (9th Cir. 2003) (no Fourth Amendment seizure where plaintiff was not charged with a felony, was not arrested, and was only required to appear in court).

Harrison's contentions that the district court's actions prejudiced him are unpersuasive.

We do not consider arguments raised for the first time on appeal or matters

not specifically and distinctly raised and argued in the opening brief. *See Padgett*

*v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

    **AFFIRMED.**